1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLEVIN LAMAR JENKINS,<br><br>                    Petitioner,<br><br>                    v.<br><br>JEFF MACOMBER, Warden,<br><br>                    Respondent. | Case No. CV 16-751 DMG (MRW)<br><br>**ORDER DISMISSING SUCCESSIVE HABEAS ACTION** |

The Court summarily grants the Attorney General's motion to dismiss this action pursuant to the successive habeas petition rule under 28 U.S.C. § 2244.

* * *

Petitioner is currently serving a term of 31 years to life in state prison based on his 2005 convictions for receiving stolen property and conspiracy to commit robbery.

This is Petitioner's second habeas action in federal court challenging those convictions. In the first action, this Court denied Petitioner's numerous claims of insufficiency of evidence, ineffective assistance of trial and appellate counsel, and sentencing error. (Jenkins v. Uribe, CV 09-73 DMG (MRW) (C.D. Cal. 2013) (the

First Habeas Action).)  The U.S. Court of Appeals for the Ninth Circuit denied a certificate of appealability in February 2014.  (Docket # 132.)  The Court subsequently denied a recent request for relief from judgment in the First Habeas Action.  (Docket # 137.)  The Ninth Circuit denied review of that post-judgment decision.  (Docket # 148.)

In the current habeas action, Petitioner alleges prosecutorial misconduct and ineffective assistance of appellate counsel.  (Docket # 1.)  The current petition was not accompanied by a certificate from the Ninth Circuit authorizing a successive habeas action pursuant to 28 U.S.C. § 2244(b).

Magistrate Judge Wilner screened Petitioner's action and directed Petitioner to file a statement explaining why the action was properly filed.  (Docket # 4.)  In a series of filings, Petitioner claimed that his new habeas action involved the alleged destruction of certain pretrial transcripts.  (Docket # 6, 8, 10, 15.)  However, Petitioner did not explain why he failed to obtain a certificate of appealability from the Ninth Circuit.  Even so, the Court directed the Attorney General to respond to the petition and supplementary materials.  (Docket # 9.)  The Attorney General moved to dismiss the action as successive.  (Docket # 21.)

* * *

Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action.  A habeas petition is second or successive – and subject to dismissal under 28 U.S.C. § 2244(b) – when the petition "raises claims that were or could have been adjudicated on the merits" in the first action.  McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).  A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition before the new petition may be filed in district court.  28 U.S.C. § 2244(b)(3); Burton v. Stewart, 549 U.S. 147

(2007) (dismissing successive petition for failure to obtain authorization from court of appeals).

The current petition alleges prosecutorial misconduct and ineffective assistance of counsel that purportedly interfered with Petitioner's ability to appeal his convictions.  The Court previously denied habeas relief regarding his convictions in the First Habeas Action.  Moreover, Petitioner asserted the basis for his current claims – the supposed disappearance of a transcript of a pretrial hearing, and related misconduct by the lawyers – in the course of that case.  See First Habeas Action, Docket # 100 n.5 (summarizing Petitioner's "speculative" claims about "a secret hearing for which the transcript mysteriously disappeared"; denying relief on IAC and misconduct claims).

Petitioner failed to obtain permission from the federal appellate court to bring the present habeas action.  His current filings fail to demonstrate why he is entitled to present his new claims after the unsuccessful resolution of the First Habeas Action.  Further, his unfounded claims about missing transcripts appear to be identical to those previously considered in this Court.  As a result, the current petition is subject to dismissal.  See 28 U.S.C. § 2244(b); Burton, 549 U.S. 147; McNabb, 576 F.3d at 1029.

* * *

1        The current action is successive and subject to dismissal.  The Attorney

2   General's motion to dismiss is GRANTED.

3        IT IS SO ORDERED.

4

5   DATED:  January 3, 2017

6                                                    DOLLY M. GEE
                                                     UNITED STATES DISTRICT JUDGE

7

8   Presented by:

9

10

11  HON. MICHAEL R. WILNER
    UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28